## Lucy J. Horne *vs.* City of Haverhill.

The Gen. Sts. *c.* 46, § 1, provide that when the boundaries of a highway are not known or cannot be made certain by records or monuments, buildings or fences fronting the highway and twenty years old shall be deemed the boundaries. *Held,* in an action raising the question of the boundaries of a highway, that such buildings are not to be deemed the boundaries, unless it appears that the boundaries are unknown and cannot be made certain by records or monuments.

Tort to recover for personal injuries occasioned by a defect in a sidewalk on Merrimack Street in Haverhill. Writ dated July 27, 1871.

At the trial in the Superior Court, before *Putnam,* J., it appeared that Merrimack Street was a highway, but the defendants contended that the sidewalk was not within the limits of the highway.

It further appeared that the buildings in front of which was the sidewalk in question were erected in 1840, and the plaintiff introduced evidence that the public had passed over this sidewalk at their will ever since. that time, but offered no evidence " that there was no record of the laying out of the street, or that there were no kinds of monuments defining the width of the street."

The judge instructed the jury. against the objection of the defendants, as follows : " If you find that the buildings fronting on the way have been erected and continued for twenty years prior

to the time of the accident, and the sidewalk has been travelled over during that time in the manner testified to, the buildings are presumed to be the line of the highway, if there is no evidence of any other known boundary, or the boundary cannot be made certain by any other known monument; if there is any degree of uncertainty in the matter, and the original boundary of the street is not known, then the buildings are to be taken to be the true boundaries."

The jury returned a verdict for the plaintiff for $2066, and the defendants alleged exceptions.

*D. Saunders & C. G. Saunders,* for the defendants.

*H. Carter,* for the plaintiff.

GRAY, J. The Gen. Sts. *c.* 46, § 1, provide that " where buildings or fences have been erected and continued for more than twenty years, fronting upon or against a highway," " and from the length of time or otherwise the boundaries thereof are not known, or cannot be made certain by the records or by monuments, such fences or buildings shall be deemed and taken to be the true boundaries thereof." This clause in the General Statutes, and in the Rev. Sts. *c.* 24, § 61, from which it was taken, speaks indeed of cases in which the boundaries " are not known or cannot be made certain," &c. But the meaning is that they must both be unknown and incapable of being made certain, in order to justify a resort to the actual line of buildings and fences as the controlling guide. This is made manifest by referring to the earlier statutes, in which the clause originated. The contingency, as described in the St. of 1786, *c.* 67, § 7, was, if the breadth " is not known or can be made certain," &c., and in the Prov. St. of 1734 (7 Geo. II., Anc. Chart. 494) " is not known, nor can be made certain," &c. It is only where the boundaries are not known, and the more definite and direct means of proof by records of the laying out or monuments established to mark the boundaries fail, that the statute authorizes the line of use and enjoyment as shown oy buildings or fences by the side of the highway to be assumed as fixing its legal limits. *Sprague* v. *Waite,* 17 Pick. 309. *Plumer* v. *Brown,* 8 Met. 578. *Wood* v. *Quincy,* 11 Cush. 487. *Holbrook* v. *McBride,* 4 Gray, 215. *Pettingill* v. *Porter,* 6 Allen, 349.

In the instructions given to the jury in the present case, several clauses, apparently extracted from the opinion of Mr. Justice Dewey in 11 Cush. 496, were used with such additions and in such a connection, as in our judgment to be calculated to mislead the jury. They were instructed that buildings which had been erected and continued for twenty years, fronting on the way, must be presumed to be the line of the highway in either of two alternatives. 1st, " if there is no evidence of any other known boundary, or," 2d. " the boundary cannot be made certain by any other known monument." This instruction would lead the jury to understand that if no evidence of any other known boundary had been introduced, they were obliged to take the line of the buildings as the true limit, although the boundary might have been made certain by evidence of other monuments or records and there was no evidence in the case tending to show that it could not have been so made certain. For this reason the defendants are entitled to a new trial. *Exceptions sustained.*